UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN PAUL MORENO,

        Plaintiff,

v.                                      Case No. 3:18-cv-1472-J-25JBT

SERGEANT LANCE MOORE and
SERGEANT T. SISTRUNK,

        Defendants.
_____

## ORDER

Before the Court is Plaintiff's motion for an extension of the discovery deadline, leave to file an amended complaint, and for the appointment of counsel (Doc. 23; Motion). With his motion, Plaintiff submitted a proposed amended complaint, which the Clerk docketed separately (Doc. 22; PAC).

In his original Complaint (Doc. 1), which Plaintiff filed on December 12, 2018, Plaintiff names two Defendants, Lance Moore and T. Sistrunk. He asserts an Eighth Amendment excessive force claim related to an incident that occurred at Suwannee Correctional Institution (SCI) on January 3, 2018. Defendants answered the Complaint on March 7, 2019 (Doc. 14), and the Court set deadlines for the completion of discovery and the filing of dispositive motions. See Order (Doc. 15). The Court thereafter granted Plaintiff's unopposed motion to extend the deadlines, such that

the discovery deadline was extended to September 5, 2019, and the dispositive motion deadline was extended to November 4, 2019. See Order (Doc. 21).

Plaintiff now seeks to add four defendants and numerous state-law claims. See Motion at 2. In the PAC, Plaintiff asserts two proposed defendants, Jackson and Rodgers, failed to intervene in the use of force by the original Defendants. PAC at 3. Plaintiff also seeks to add as defendants Jeremy Powe and "the Wardens at [SCI]." Id. at 2. Plaintiff does not identify the "Wardens" by name. Plaintiff's PAC identifies eighteen "legal theories," including claims under the Eighth Amendment for excessive force, conspiracy to commit excessive force, and failure to intervene (two counts). The remaining fourteen counts are state-law claims: common law battery; conspiracy to commit common law battery; concert of action to commit battery; aiding and abetting common law battery; common law assault; conspiracy to commit common law assault; concert of action to commit assault; aiding and abetting assault; common law failure to intervene (two counts); negligent infliction of emotional distress; common law outrage; negligent supervision; and negligent retention.

Defendants do not oppose Plaintiff's motion to the extent Plaintiff seeks leave to amend his complaint and requests an extension of the discovery deadline (Doc. 25; Response). However, Defendants object to Plaintiff's request for appointment of

2

counsel. See Response at 3. While Defendants do not oppose Plaintiff's request to amend his complaint, the Court is obliged to consider whether to grant the request.

Motions to amend should be freely granted to promote the ends of justice. Fed. R. Civ. P. 15(a)(2). When ruling on a motion to amend, a court should consider whether there has been "undue delay, undue prejudice to the defendants," and whether an amendment would be futile. Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoting Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ., 342 F.3d 1281, 1287 (11th Cir. 2003)). If Plaintiff was seeking only to add a failure to intervene claim against Rogers and Jackson, his PAC likely would pass muster. However, Plaintiff's PAC is partially deficient in that some of his proposed claims would be futile to allow, meaning they would not survive a motion to dismiss.

For instance, Plaintiff seeks to assert conspiracy claims against the named individuals for their alleged joint efforts to inflict harm on him and conceal their actions. See PAC at 4-5, 7. As alleged, the intracorporate conspiracy doctrine would likely bar Plaintiff's conspiracy claims because the alleged actors work for one employer. See McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000). Because a conspiracy requires action by two or more people, by its terms, a conspiracy cannot exist if a plaintiff complains of acts by employees within an agency, unless

3

the plaintiff alleges acts of criminal wrongdoing. Id. at 1034, 1036.

With respect to proposed new defendants Powe and "the Wardens," Plaintiff's allegations are insufficient. Plaintiff attributes no factual allegations to Powe other than to say Powe "authorize[d] [the] filing of [false disciplinary] reports" against Plaintiff. PAC at 5. Such conduct, if true, does not amount to a constitutional violation. As to the "Wardens," Plaintiff's use of the plural suggests he is referring to more than one person. However, Plaintiff does not identify any individuals by name. As such, it is unclear to whom Plaintiff is referring, and the Court would be unable to direct service of process.

Finally, Plaintiff's PAC would require the Court to exercise supplemental jurisdiction over fourteen state-law claims. Under 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over other claims that are related to those over which the court has original jurisdiction. See § 1367(a). However, the decision to exercise supplemental jurisdiction over state-law claims is vested in the sound discretion of the district court. See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C., 596 F.3d 1313, 1328 (11th Cir. 2010) ("As a practical matter, the district court is in the best position to weigh the competing interests ... in deciding whether it is appropriate to exercise supplemental jurisdiction.") (alteration in original) (quoting

Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir. 1997)). In the exercise of its discretion, a district court may decline to exercise supplemental jurisdiction over state-law claims when those claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." § 1367(c)(2).

Plaintiff's PAC includes numerous state-law claims, which predominate over the § 1983 excessive force claim that has been pending in this Court for almost a year. The Court has set deadlines for the completion of discovery and the filing of dispositive motions, and Plaintiff offers no basis upon which the Court should exercise supplemental jurisdiction over his numerous proposed state-law claims. For the foregoing reasons, the Court finds Plaintiff's motion to amend his complaint is due to be denied.

If Plaintiff wishes to amend his complaint to add a failure to intervene claim against Rogers and Jackson, he may do so. If Plaintiff chooses to amend his complaint to add these two individuals as defendants for their failure to intervene in the alleged use of force incident, he must do so by December 2, 2019. Given the above, the Court finds an extension of the deadlines is appropriate, and Plaintiff's motion is due to be granted to that limited extent. The Court will set new deadlines by separate Order.

5

With respect to Plaintiff's request for the appointment of counsel, the Court finds his motion is due to be denied. A plaintiff in a civil case does not have a constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court should appoint counsel in a civil case only in "exceptional circumstances." Id. In determining whether to appoint counsel, a court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

Plaintiff has not shown exceptional circumstances to warrant the appointment of counsel at this time. This case is not so complex legally or factually to prevent Plaintiff from presenting the essential merits of his position to the Court, and Plaintiff has demonstrated an ability to present facts and argument on his own behalf. The Court may sua sponte reconsider Plaintiff's request if the circumstances of the case change (for example, if the case proceeds to trial).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion to extend the discovery deadline, for leave to file an amended complaint, and for the appointment of counsel (Doc. 23) is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion is **GRANTED** to the extent the Court will extend the deadlines for the completion of discovery and the filing of dispositive motions and will allow amendment only as stated in paragraph 3 below. The Court will set new deadlines by separate Order. Plaintiff's Motion is **DENIED** in all other respects.

2. The **Clerk** is directed to strike Plaintiff's "Amended Complaint" (Doc. 22) from the docket.

3. The **Clerk** is directed to send Plaintiff a civil rights complaint form. If Plaintiff chooses to amend his complaint to add Rogers and Jackson as defendants for their failure to intervene in the alleged use of force incident, he must do so by **December 2, 2019**.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of November, 2019.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6 10/30
c:
Brian Paul Moreno, #A50943
Counsel of Record