UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRIAN PAUL MORENO,

    Plaintiff,

v.      Case No. 3:18-cv-1472-J-25JBT

SERGEANT LANCE MOORE and
SERGEANT T. SISTRUNK,

    Defendants.
_____

**ORDER**

    Under Federal Rule of Civil Procedure 12(f), the plaintiff moves the Court to strike all thirteen of the defendants' "affirmative defenses"[1] on the ground that they do not comply with federal pleading standards but rather amount to "shotgun" allegations (Doc. 65). The defendants withdraw their defense that the plaintiff failed to exhaust his administrative remedies as to the claims directed to them but otherwise oppose the motion (Doc. 75; Resp.). The defendants assert the plaintiff did not first confer with counsel under Local Rule 3.01(g),[2] and the defenses

---

    [1] The plaintiff categorizes all thirteen of the defendants' defenses as affirmative. In their answer (Doc. 58), the defendants raise both general defenses (failure to state a claim, for example) and affirmative defenses (qualified immunity, for example).

    [2] To the extent the plaintiff did not first confer with counsel under Rule 3.01(g), given he is proceeding pro se and is imprisoned, the Court grants him some leeway.

are specific enough "to place Plaintiff on notice" as to which defense goes to which claim. See Resp. at 2, 4, 8.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A district court has "considerable" discretion in ruling on a motion to strike. 5C Arthur R. Miller, et al., Federal Practice and Procedure § 1382 (3d ed.). Generally, courts view such motions with disfavor and infrequently grant them. Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015). Indeed, some judges call motions to strike "time wasters." See, e.g., Gibson v. JetBlue Airways Corp., No. 6:18-cv-1742-Orl-40TBS, 2019 WL 3206925, at *3 (M.D. Fla. July 16, 2019) (citing cases); Ability Hous. of Ne. Fla., Inc. v. City of Jacksonville, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at *1 (M.D. Fla. Mar. 2, 2016). Thus, a motion to strike generally will be denied "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Miller, supra, § 1382. See also Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962) ("[A] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy."). A court should resolve

any doubts as to whether material should be stricken under Rule 12(f) in favor of the non-moving party. Miller, supra, § 1382.

Upon review of the amended complaint (Doc. 52; Am. Compl.) and the defendants' answer (Doc. 58; Answer), the defendants have complied with Rule 8, which provides a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted." Fed. R. Civ. P. 8(b)(1)(A). See also Ability Hous., 2016 WL 816586, at *2 (reasoning that the use of the term "state" in Rule 8 supports the interpretation that the Iqbal-Twombly[3] standard, which demands a party "show" he is entitled to the relief he seeks, does not extend to asserting general or affirmative defenses).

In his amended complaint, the plaintiff raises constitutional claims (excessive force and failure to intervene) and state claims (common law battery and failure to intervene). See Am. Compl. at 4-6. In their answer, the defendants use language indicating which defense is directed to which claim. See Answer at 3-4 (using phrases such as "constitutional rights"; "statutory or constitutional right"; "state tort claims"; "constitutionally cognizant injury," or explicitly referencing a state or federal constitutional provision or precedent). Additionally, the plaintiff does not assert or demonstrate the defenses have "no

---

[3] Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

3

possible relation" to the claims before the Court. See Augustus, 306 F.2d at 868.

Accordingly, the plaintiff's motion to strike (Doc. 65) is **denied**.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June 2020.

JOEL B. TOOMEY
United States Magistrate Judge

Jax-6

c:
Brian Paul Moreno
Counsel of Record